UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRYANT L. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03079-JPH-MKK |
| | ) | |
| HEALTHPLEX ASSOCIATES, INC., | ) | |
| ADNAN HYDER, | ) | |
| RENEE CLARK-MCDONALD, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Bryant Graham alleges that he was wrongfully terminated in February

2019 because of unfounded sexual harassment allegations.  Defendants—his

former employer and two of its employees—have filed a motion to dismiss.  Dkt.

[21].  Because Mr. Graham already received a judgment on the merits on his

federal claim, that motion is **GRANTED** to the extent that his federal claim is

dismissed.

**I.**
**Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(6), the

Court accepts and recites "the well-pleaded facts in the complaint as true."

*McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  The Court may

---

[1] Mr. Graham identified Healthplex as "Indianapolis Healthplex" and Mr. Hyder as "Adnan Hydor" in his Amended Complaint, *see* dkt. 4, but their proper names are "Healthplex Associates, Inc." and "Adnan Hyder," *see* dkts. 22, 52. **The clerk is directed** to update the name of the Defendants on the docket accordingly.

also take judicial notice of court filings. *E.g.*, *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

Mr. Graham alleges that his former employer, Healthplex, wrongfully fired him after "a third party made . . . allegations that [he] committed sexual harassment." Dkt. 4 at 5. Because of these accusations, two Healthplex employees—Renee Clark-McDonald and Adnan Hyder—tried to coerce him into resigning, and he was eventually terminated on February 4, 2019. *Id.*

In October 2019, Mr. Graham brought a lawsuit against Healthplex and Mr. Hyder, alleging that they violated Title VII of the Civil Rights Act of 1964 by terminating his employment or retaliating on the basis of sex, gender, race, or color. *See Graham v. Healthplex et al.*, No. 1:19-cv-4120-JRS-MJD (S.D. Ind. Oct. 4, 2019) (dkts. 1, 35). He also brought state-law claims alleging slander, emotional distress, defamation, wrongful termination, and negligent hiring. *Id.* at dkt. 35 at 6. The federal claims were dismissed with prejudice, and the various state-law claims were dismissed without prejudice. *Id.* at dkt. 33 (order on motion to dismiss); dkt. 69 (order on motion for judgment on the pleadings); dkt. 70 (final judgment).

Mr. Graham appealed to the Seventh Circuit. *Id.* at dkt. 80 (notice of appeal); *Graham v. Healthplex*, No. 21-1770 (7th Cir. Apr. 30, 2021). But two weeks later, he filed a motion to dismiss the appeal, dkt. 21-13, which was granted on May 14, 2021, dkt. 21-14.

In December 2021, Mr. Graham, proceeding *pro se*, brought this action by filing a similar complaint. Dkt. 1. He soon amended his complaint, again

alleging Title VII violations and state-law claims for defamation, wrongful termination, slander, and negligent hiring.  Dkt. 4.  Defendants have filed a motion to dismiss for failure to state a claim.  Dkt. 21.  Mr. Graham responded, dkts. 25, 26, 39, and filed motions for summary judgment, dkt. 27, and for judgment on the pleadings, dkt. 30.  Counsel has since appeared on Mr. Graham's behalf.  Dkt. 53.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim."  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III.
### Analysis

Defendants moved to dismiss Mr. Graham's Title VII and state-law claims in their entirety.  Dkt. 21.

### A. Title VII Claim

Defendants argue that Mr. Graham's Title VII claim should be dismissed due to claim preclusion because it raises issues that were resolved on the merits in his previous case.[2]  Dkt. 22 at 8–14.  Mr. Graham's filings do not respond to Defendants' argument that his claims are barred by claim preclusion.  *See* dkts. 25, 26, 39; *see also* dkt. 41 at 3.

The doctrine of claim preclusion "protects the finality of a judgment and prevents parties from undermining it by attempting to relitigate the claim." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016).  It "rests on the pragmatic insight that one fair opportunity to litigate a claim is normally enough."  *Daza v. Indiana*, 2 F.4th 681, 683 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 763 (Jan. 10, 2022).[3]

---

[2] Defendants refer first to the general doctrine of *res judicata* and later specify that they rely on "the claim preclusion branch of *res judicata*."  Dkt. 22 at 8-10. "To avoid confusion," the Court uses only the term describing the specific doctrine Defendants rely on, claim preclusion. *Dookeran v. Cnty. of Cook*, 719 F.3d 570, 575 n.2 (7th Cir. 2013).

[3] Defendants brought their motion to dismiss under Federal Rule of Civil Procedure 12(b).  *See* dkt. 21.  Since claim preclusion is an affirmative defense, it ordinarily should be raised under Federal Rule of Civil Procedure 12(c).  But when a plaintiff "plead[s] himself out of court" such that an "affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion."  *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (affirming a 12(b)(6) dismissal on claim preclusion grounds).  That is the case here because Mr. Graham's complaint—combined with court records that are the proper subject of judicial notice—"establish[es] an

The federal common law of claim preclusion applies because Mr. Graham's earlier case was in federal court under federal-question jurisdiction. *See Daza*, 2 F.4th at 683; *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020).  "Claim preclusion under federal law has three ingredients: a final [judgment on the merits] in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)."  *United States ex rel. Lusby v. Rolls–Royce Corp.,* 570 F.3d 849, 851 (7th Cir. 2009).  Here, all three ingredients of claim preclusion are present.

First, Mr. Graham's initial suit filed in 2019 had a final judgment on the merits, as Judge Sweeney dismissed the federal claims with prejudice.  *See* dkt. 21-7 (final judgment); *Brooks-Ngwenya v. Indianapolis Public Sch.*, 564 F.3d 804, 809 (7th Cir. 2009) (holding that dismissal with prejudice based is a final judgment for purposes of claim preclusion).

Second, claims asserted in a lawsuit are the same as the claims that were asserted in a previous lawsuit when they "arise from the same transaction . . . or involve a common nucleus of operative facts."  *Daza*, 2 F.4th at 684 (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashion Group, Inc.*, 140 S. Ct. 1589, 1594–95 (2020)).  Here, the claims in both cases are based on factual allegations that Healthplex and its employees wrongfully terminated and retaliated against Mr. Graham in February 2019.  Dkt. 4; dkt. 21-4.  The

---

impenetrable defense to [hi]s claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

claims set forth in this case are therefore based on the "same fundamental transaction" as the claims set forth in Mr. Graham's 2019 case.  *See Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

Third, while claim preclusion generally requires that the parties to the present case and the earlier case be identical, it also "bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).  This concept, called privity, exists when parties are "so closely aligned that they represent the same legal interests." *Sec'y of Lab. v. Fitzsimmons*, 805 F.2d 682, 688 (7th Cir. 1986); *see also Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1988) (holding that claim preclusion bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were).

Here, two of the three defendants—Healthplex and its general manager, Mr. Hyder—were named Defendants in Mr. Graham's 2019 suit.  *See, e.g.*, *Graham*, No. 1:19-cv-4120 at dkt. 70 (final judgment).  The addition of Ms. Clark-McDonald as a named Defendant in this case does not destroy the identity of the parties, as she is in privity with the prior defendants.  *See Tartt*, 453 F.3d at 822.  Her interests in defending against the claims set forth in this case are "so closely aligned" with those of Healthplex and Mr. Hyder in the first suit "that they represent the same legal interest." *Donovan*, 778 F.2d at 301. Additionally, her participation in the termination of Mr. Graham and

attendance at depositions implies an agency relationship between her and Healthplex. *See Tice*, 162 F.3d at 971 (using agency as a touchstone for determining identity of parties). Therefore, the parties in the first case and this case are identical for the purposes of claim preclusion. *See also Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011) (applying identical test under Illinois law and holding that "the old and new cases involved the same parties . . . . The fact that the second lawsuit does not include Tobias as a defendant does not affect the analysis.").

Because Mr. Graham's Title VII claim meets all three prongs of the claim preclusion test, it must be **DISMISSED**.[4]

### B. State-Law Claims

This leaves only Mr. Graham's state-law claims of defamation, wrongful termination, slander, and negligent hiring. Dkt. 4 at 5. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state

---

[4] Because Defendant's claim preclusion argument is conclusive, the Court need not address Defendants' other arguments in favor of dismissal of the Title VII claim. *See* dkt. 22 at 1–2.

> court; (2) substantial judicial resources have already
> been committed, so that sending the case to another
> court will cause a substantial duplication of effort; or (3)
> when it is absolutely clear how the pendent claims can
> be decided.

*Id.* at 480.

Here, none of these exceptions overcome the presumption that the Court should relinquish supplemental jurisdiction over the state law claims. First, while Defendants argue Mr. Graham's claims are time-barred, dkt. 22 at 18–19, the factual basis for Mr. Graham's complaint also involves activities from more recently, in March 2021, dkt. 4 at 5, so the statute-of-limitations defense is not so clear that the Court would assuredly be "sending back to state court 'doomed litigation' that will only be dismissed once it gets there." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999). Second, substantial judicial resources have not been expended on this matter because there have been no other potentially dispositive motions and the Court has not addressed the merits of any state-law claim. *See RWJ*, 672 F.3d at 481. Third, it is not "absolutely clear" how Mr. Graham's state-law claims should be decided because resolution of these claims would require analysis of issues of privilege, Indiana's at-will employment doctrine, and other topics. *See* dkt. 22 at 20–21; *see also RWJ*, 672 F.3d at 481; *Howlett v. Hack,* 794 F.3d 721, 728 (7th Cir. 2015) ("[W]here the state-law claims have not been the focus of the litigation, the better practice is for the district court to relinquish its jurisdiction over them.").

The Court therefore declines to exercise supplemental jurisdiction over Mr. Graham's state-law claims of defamation, wrongful termination, slander, and negligent hiring. *See RWJ*, 672 F.3d at 479.

## IV.
## Conclusion

Defendants' motion to dismiss for failure to state a claim is **GRANTED** as to Mr. Graham's Title VII claims.  Dkt. [21].  Because amendment could not cure the fact that Mr. Graham's federal claims are barred by the doctrine of claim preclusion, those claims are dismissed with prejudice.  Moreover, even if amendment were not clearly futile, the unique procedural posture of this case does not support giving Mr. Graham an opportunity to amend his complaint.  Mr. Graham already had a fair opportunity to litigate his federal claims when he brought his first case in 2019.  He received a ruling on the merits of those claims and there is no reason that Defendants should be required to respond again to another complaint based on the same facts that were the basis for the claims in the 2019 case and this case.  The Court relinquishes supplemental jurisdiction of Mr. Graham's state-law claims, and those claims are dismissed without prejudice.  Mr. Graham's motion for summary judgment, dkt. [27], and motion for judgment on the pleadings, dkt. [30], are therefore **DENIED as moot**.  **The Clerk is directed** to update the names of two of the Defendants to "Healthplex Associates, Inc." and "Adnan Hyder."

Final judgment will enter by separate order.

**SO ORDERED.**

Date:  3/1/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel